CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
1/27/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No.: 5:19-cr-00008 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| RAMON CARRILLO-RUVALCABA, *et al.* ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on three motions to sever pursuant to Federal Rule of Criminal Procedure 14(a) filed by defendants Ritchie Triplett (Dkt. No. 179), Jonathan Rocas-Osorio (Dkt. No. 247), and Ernesto Valenzuela-Flores (Dkt. No. 249). For the reasons set forth below, the court finds that consolidation of these cases does not prejudice the defendants to a degree that requires severance. Accordingly, the court will deny the defendants' motions.

I.  BACKGROUND

On March 5, 2019, the initial indictment was filed against defendants. (Dkt. No. 22.) On September 3, 2019, a grand jury returned a superseding indictment charging thirteen defendants in connection with a drug trafficking conspiracy operating in Virginia. (Indictment, Dkt. No. 192.) As relevant here, the superseding indictment charges twelve defendants with conspiracy to distribute and to possess with the intent to distribute several controlled substances in violation of 21 U.S.C. § 846. The indictment additionally charged one defendant with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and another of the defendants with transmission of funds derived from a criminal offense in violation of 18 U.S.C. § 1960(b)(1)(C). Two defendants were also charged with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). (Indictment 1–6.) Triplett, Rocas-Osorio, and

1

Valenzuela-Flores were charged only with conspiracy to distribute and to possess with the intent to distribute in count one of the superseding indictment.

The indictment further alleges generally that the Jalisco New Generation Cartel, a Mexico-based criminal organization, recruited individuals from Mexico to live in Virginia and facilitate distribution of controlled substances throughout the Mid-Atlantic region of the United States. As part of the conspiracy, some of the defendants maintained residential properties at which they would receive shipments of the controlled substances before transporting and distributing them. The indictment further alleges that some of the defendants conspired to launder money received from the drug trafficking operation. (*Id.*)

Triplett, Rocas-Osorio, and Valenzuela-Flores now move pursuant to Rule 14 of the Federal Rules of Criminal Procedure to sever their cases.

## II. DISCUSSION

**A. Severance Under Rule 14**

Federal Rule of Criminal Procedure 8(b) provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 14(a) then states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

"In ruling on a motion for severance, the trial court is vested with discretion; it must carefully weigh the possible prejudice to the accused against the often equally compelling

interests of the judicial process, which include the avoidance of needlessly duplicative trials involving substantially similar proof." *United States v. Urich*, 228 F. App'x 248, 254–55 (4th Cir. 2007); *see also United States v. Becker*, 585 F.2d 703, 706 (4th Cir. 1978). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. However, "a defendant is not entitled to severance merely because separate trials would more likely result in acquittal, or because the evidence against one defendant is not as strong as that against the other." *United States v. Shealey*, 641 F.3d 627, 633 (4th Cir. 2011) (quoting *United States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001)); *see also Zafiro*, 506 U.S. at 539. "Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–39. "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* at 539.

**B. Motions to Sever**

Although each of the three defendants sets forth individualized facts or arguments about the weight of the government's evidence against him, they all rely on substantially the same legal arguments. They assert that they are entitled to severance largely based on the defendants' differing degrees of culpability and the resultant "spill-over effect" of evidence against other defendants that will prejudice their cases.

For example, Triplett notes that the government intends to introduce evidence regarding the Jalisco New Generation Cartel even though Triplett is not a member of that organization. He further asserts that the government lacks evidence against him in the form of controlled buys,

3

executed warrants, or connections to the alleged stash houses in this case, and that the time period during which Triplett was allegedly involved in the distribution of drugs is only two months of an alleged conspiracy spanning years.

Rocas-Osorio largely restates arguments similar to Triplett, and downplays the weight of the government's evidence against him and highlights that the evidence implicates him for only a two-month period. He also notes that, while the cartel at issue is based in Mexico, he is from a different Central American country. Thus, he contends that jurors may presume he is part of the cartel based on his appearance even though he is not from Mexico.

Valenzuela-Flores concedes that he was charged with and pled guilty in state court to possession of marijuana with the intent to distribute under Virginia Code § 18.2-248.1. But because he was arrested only for a marijuana-related crime, he argues that a joint trial in which the government puts on evidence of cocaine and heroin distribution will unfairly prejudice him. Additionally, he notes that the government's evidence will show that he wired money back to his hometown. He argues that, although this is a common way for immigrants to transfer money back to family at home, the introduction of the government's remaining evidence will unfairly suggest that these transfers were related to the conspiracy. Like his co-defendants, Valenzuela-Flores also stresses he had a minor role, if any, in the alleged conspiracy, emphasizing that the evidence against him indicates he was involved for only three and a half months.

Accordingly, the defendants argue that by trying their cases alongside their co-defendants, they will be subject to evidence that will prejudicially compound the government's case against them or that would not be admissible if they were tried individually. To be sure, "[e]vidence that is probative of a defendant's guilt but technically admissible only against a codefendant . . . might present a risk of prejudice." *Id.* Additionally, when defendants with

4

"markedly different degrees of culpability" are tried together, "the risk of prejudice is heightened." *Id.* However, "[w]ithout a strong showing of prejudice, severance is not justified based on the mere disparity of the evidence adduced against individual defendants." *United States v. Allen*, 491 F.3d 178, 189 (4th Cir. 2007). Moreover, the preference for joint trials is stronger in conspiracy cases, as "[t]he gravamen of conspiracy is that each conspirator is fully liable for the acts of all coconspirators in furtherance of the conspiracy." *United States v. Tedder*, 801 F.2d 1437, 1451 (4th Cir. 1986).

In substance, defendants' arguments for severance are based on the limited evidence against them individually as compared to the evidence that will be presented against their co-defendants. For example, Triplett and Rocas-Osorio both suggest that the evidence against them individually could be presented in one day each and that the government likely would have only one or two witnesses. However, the government disputes this, explaining that much of the evidence regarding the cartel and its operation in Virginia sets the background for the alleged conspiracy and would be admissible even in individual trials against these defendants. It further asserts that testimony from at least twenty of the government's witnesses would be admissible and necessary to prove the government's case.

The court has reviewed the proffered evidence and, without rehashing that evidence here, finds that severance is unwarranted. The Fourth Circuit has upheld similar decisions in *Tedder* and *Uhrich*. In *Tedder*, the defendants argued that "the voluminous evidence of career drug trafficking by others prejudiced their case." *Tedder*, 801 F.2d at 1450. Recognizing the importance of a joint trial in conspiracy cases, the Fourth Circuit affirmed the district court's denial of the defendants' motions to sever. Similarly, in *Uhrich*, the defendant asserted that she should not have been tried with her co-defendants because she had merely a "minor and passive

role in the alleged scheme." *Uhrich*, 228 F. App'x at 255. She argued that "much of the evidence presented at trial against [her] co-defendants was totally unrelated to her, causing a serious risk that the jury was unable to make a reliable judgment about her guilt or innocence." *Id.* The Fourth Circuit noted that "even if [the defendant] was not directly involved in all aspects of the fraudulent scheme, it is clear that her criminal acts furthered the scheme." *Id.*; *see also United States v. Chavez*, 894 F.3d 593, 605 (4th Cir. 2018) ("Appellant Chavez argues . . . that severance was necessary because the trial included evidence of violent racketeering activity that he was not directly involved in. We have previously rejected an almost identical argument for severance . . . ."); *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012) (affirming denial of severance even though the defendants "were forced to defend themselves against a body of evidence . . . not attributable to all defendants").

Although the cases discussed above may have involved different types of conspiracies, the underlying principals apply equally here. As alleged by the government, the defendants in this case each played a role, however minor, in the charged conspiracy. Much of the evidence, even if not directly related to actions taken by Triplett, Rocas-Osorio, or Valenzuela-Flores, will nonetheless provide background information for the alleged conspiracy and would likely be admissible in their individual trials if the court were to grant their motions. The fact that the government's evidence links defendants to the conspiracy either circumstantially or for only limited periods of time does not indicate prejudice incurable by either jury instructions or through evidentiary limitations.

Similarly, the fact that the government has less evidence against these defendants than others does not necessarily indicate that the defendants here have "markedly different degrees of culpability." Twelve of the defendants have been charged with conspiracy and, as noted in

6

*Tedder*, "[t]he gravamen of conspiracy is that each conspirator is fully liable for the acts of all coconspirators in furtherance of the conspiracy." 801 F.2d at 1450. Though the remaining counts of possessing a firearm, transmitting funds derived from a criminal offense, and conspiracy to launder money indicate different defendants may have engaged in additional crimes, the court finds that less drastic relief—limiting jury instructions, for example—will help distinguish the issues and protect defendants' rights to a fair trial.

This outcome is further supported by considerations of judicial economy. The joint trial in this case is currently scheduled for four weeks. Given that the government would be required to introduce much of the same evidence at individual trials for Triplett, Rocas-Osorio, and Valenzuela-Flores, granting their motions to sever would significantly increase the time and expense to the government and witnesses whose prosecutorial efforts and testimony would be duplicated. *See Chavez*, 894 F.3d at 605 ("Particularly in cases like this one, where a primary focus of the trial [is] the interwoven relationships among defendants, separate trials would be repetitive, requiring witnesses to provide the same testimony many times.").

Triplett and Rocas-Osorio also assert that a joint trial will violate their right to remain silent or testify in their own defense. They argue that if they choose not to testify "in the face of the avalanche of evidence" the government will produce, jurors will interpret their silence differently than they would in a separate trial. Triplett and Rocas-Osorio also suggest that dozens of witnesses will testify in the joint trial, and they will have to decide "whether to question every witness to confirm [their] lack of involvement, or whether to leave it to the jury to properly interpret the lack of testimony against [them]." These are concerns present in every joint trial and do not warrant severance here. Defendants have identified no case law or authority that suggests otherwise.

Based on the foregoing, the court finds that Triplett, Rocas-Osorio, and Valenzuela-Flores have not established that a joint trial would compromise any specific trial right or prevent the jury from making a reliable judgment about their guilt or innocence. Instead, considerations of judicial economy weigh against severance. Moreover, to the extent evidence presented at trial may prejudice the defendants, the court finds that other safeguards allowed under Rule 14 will adequately protect their rights. Accordingly, the court will deny defendants' motions to sever.

III.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1.  Ritchie Triplett's motion to sever (Dkt. No. 179) is DENIED;

2.  Jonathan Rocas Osorio's motion to sever (Dkt. No. 247) is DENIED; and

3.  Ernesto Valenzuela-Flores's motion to sever (Dkt. No. 249) is DENIED.

The clerk is directed to send copies of this memorandum opinion and order to counsel of record for all parties.

Entered: January 27, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge